**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | |
|---|---|
| DAVID THORNE, ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | CAUSE NO.:2:09-CV-87-JEM |
| ) | |
| MEMBER SELECT INSURANCE ) | |
| COMPANY, ) | |
|     Defendant, ) | |

## **OPINION AND ORDER**

This matter is before the Court on Defendant's Motion *in Limine* [DE 70] and Plaintiff's Motion in Limine [DE 73], both filed on April 25, 2016.

**I.    Analysis**

A motion in limine will be granted "only when evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993); *see also Dartey v. Ford Motor Co.*, 104 F. Supp. 2d 1017, 1020 (N.D. Ind. 2000). Most evidentiary rulings will be resolved at trial in context, and this "ruling is subject to change when the case unfolds." *Luce v. United States*, 469 U.S. 38, 41-42 (1984). The Court considers each request in turn.

    A.    <u>Settlement Negotiations</u>

Defendant requests that the Court exclude any reference to settlement negotiations or statements made about the case during those negotiations, pursuant to Federal Rule of Evidence 408. Plaintiff has no objection to this request, and it is therefore granted.

    B.    <u>Prior or Subsequent Claims or Lawsuits</u>

Defendant moves to exclude reference to prior or subsequent claims or lawsuits involving Defendant. Plaintiff does not object, and the request is granted.

C.      Defendant's Financial Situation

Defendant requests that the Court exclude reference to Defendant's financial situation or the fact that it is a large or unfeeling corporation. Plaintiff does not object to the request except insofar as reference to Defendant's actions should not be limited. Accordingly, the request is granted and there can be no reference to Defendant's financial situation or argument to the effect that it is an unfeeling corporation.

D.      Plaintiff's Financial Situation

Defendant also requests that the Court exclude reference to plaintiff's financial situation or ability to pay damages. Plaintiff argues that it would be inequitable to allow Defendant to argue that Plaintiff's financial circumstances may have caused him to set the fire but not allow Plaintiff to put on evidence of the effect Defendant's failure to pay benefits had on Plaintiff. Defendant argues that it is attempting to exclude evidence of Plaintiff's financial status after the claim was denied, which is different from his financial status prior to the fire. To the extent that Defendant is seeking to preclude appeals to sympathy or comparisons of the relative wealth of the parties, Defendant's motion is granted. Plaintiff may introduce evidence related to specific claims for damages as permitted by the Policy, as discussed in more detail below.

E.      Lack of Criminal Charges for Arson

Defendant seeks to exclude evidence or testimony that neither David nor Scott Thorne faced criminal arson charges. Defendant points out the different burden of poof in civil and criminal cases and argues that there it may be unfairly prejudiced if this evidence is permitted. Plaintiff argues that the character of Scott and David Thorne are at issue in this matter and the lack of criminal charge supports their truthfulness. Plaintiff asserts that the investigative officials should be permitted to

offer testimony on the content of their investigations and their conclusions. Plaintiff also argues that the standards of proof for probable cause and preponderance of the evidence are essentially the same, apparently arguing that because David and Scott Thorne were not criminally charged, there was a determination that there was no probable cause for that charge. As Defendant points out, even if one is to assume that those standards are the same, there are many reasons law enforcement may choose not to arrest someone. The Court agrees that the fact that neither David nor Scott Thorne was arrested or charged for arson is inadmissible in this case. *See, e.g., Abney v. Badger Mut. Ins. Co.*, No. 12 C 4467, 2014 WL 85986, at *4 (N.D. Ill. Jan. 9, 2014) (granting motion in limine to bar testimony of no arrest for arson, noting that "[a]t least five circuit courts have specifically concluded that it is improper to admit evidence of non-prosecution or acquittal of criminal arson charges in a civil insurance case."). That does not mean that the investigators are prohibited from testifying about their investigations or even their ultimate conclusions about the cause of the fire, but any reference to criminal charges is excluded.

F.  Loss of Use

Defendant moves for exclusion of any reference to a claim by Plaintiff for loss of use, since this loss was not recoverable under the Policy. Plaintiff argues that the Policy does cover loss of use, and that loss of use is recoverable in breach of contract cases. Defendant did not file a reply. The Policy provides, as quoted by Plaintiff, that Defendant "will pay the reasonable increase in living expenses" during the time "to repair or replace the damaged property; or for [the insured] to permanently relocate." To the extent that Plaintiff is seeking recovery for alternate living expenses or relocation for the limited time period as reflected in the Policy, that evidence may be presented, but only insofar as it is loss that would have been recoverable pursuant to the Policy.

3

G.  Ordinance Violations

Defendant reports that David Thorne reached a stipulated plea agreement with Town of Griffith over ordinance violations related to the post-fire condition of his house. Defendant argues these fees and penalties are not a covered loss under the Policy and allowing reference to these damages could place Plaintiff in a better position than if the claim had been paid. Plaintiff argues that because Defendant failed to pay for demolition and clean up, Plaintiff had to do the work since he could not pay for demolition, and Defendant should therefore be liable for preventing performance. Defendant points out that the Policy explicitly excludes coverage for "[e]nforcement of an ordinance or law regulating construction, repair, or demolition of a building," such that Plaintiff would be unable to recover from losses resulting from ordinance violations. The Court agrees that based on the language of the Policy, Plaintiff cannot recover for damages related to ordinance violations and any evidence of those fees and penalties are excluded.

H.  Lost Wages or Income

Defendant requests that the Court exclude any reference to a claim by Plaintiff for lost wages or lost income, since they are not recoverable under the Policy and no evidence of that type of loss has been provided to Defendant to allow it to conduct investigation or discovery regarding the claim. Plaintiff argues that he had to take time off of work to perform the demolition work on the house, but does not argue that lost wages are covered by the Policy or that he has given any information to Defendant about the wage loss he is claiming to allow for discovery on it. Accordingly, evidence of lost wages or income cannot be given at trial.

I.  Mortgage Payments

Defendant seeks to exclude evidence of mortgage payments made by Plaintiff after the fire,

4

arguing that any probative value is outweighed by the probative effect. Defendant argues that payment after the fire is not probative of Plaintiff's situation prior to the date of loss. Plaintiff argues that evidence of mortgage payments is evidence of his character and should be allowed pursuant to Federal Rule of Evidence 608(a), but, as Defendant points out, Rule 608(a) applies to "character for truthfulness or untruthfulness." Fed. R. Evid. 608(a). Since mortgage payments after the fire do not provide evidence of Plaintiff's propensity to truthfulness and the prejudicial effect outweighs any potential probative value, evidence of the mortgage payments will not be permitted.

        J.        <u>Effect on Plaintiff</u>

Defendant moves for any reference to effects Plaintiff has suffered as a result of the loss of the house, including the pecuniary effect of the coverage dispute and lawsuit and any emotional damages, to be excluded. It argues that evidence of the pecuniary effects are not probative of any fact Plaintiff is required to prove to establish his claim for breach of contract, and evidence of emotional distress is not compensable in a breach of contract case. Plaintiff admits that he is not seeking emotional damages but argues that the impact the case has had on him is relevant character evidence, without explaining how it is relevant or how the probative value outweighs the potential prejudice to Defendant. The pecuniary and emotional effect of the coverage dispute and lawsuit are not relevant to Plaintiff's claims or damages and would be unduly prejudicial, so are excluded. The Court also excludes evidence of emotional distress as to damages, but leaves open the possibility that at trial Defendant may be able to demonstrate that evidence of Plaintiff's emotional state immediately after the fire may be relevant and not unduly prejudicial to Defendant. This determination must be made before Plaintiff attempts to introduce evidence of emotional distress. Similarly, Plaintiff may only introduce evidence of the financial effect of losing the house insofar

as it is relevant to compensable claims for damages pursuant to the Policy or for the limited purpose of rebutting his possible motivation for arson, to the extent that motivation is raised by Defendant.

K.  Exclude Witnesses

Plaintiff moves to exclude potential witnesses from the Courtroom until their testimony is required. Defendant did not object to the request. Pursuant to Federal Rule of Evidence 615, "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Accordingly, the Court excludes non-party witnesses from trial during testimony that is not their own.

L.  Polygraph

Plaintiff also requests that the Court exclude any mention that Plaintiff David Thorne and his brother, Scott Thorne, were asked to take polygraph examinations but refused. Defendant asserts that the refusal to take a polygraph examination is admissible for the purpose of providing evidence of consciousness of guilt.

Plaintiff relies on the unreliable nature of polygraph results to argue that a refusal to submit to a polygraph should also be excluded, but without citing any case law in support of that claim. Although it may be the case that the results of polygraph examinations are of questionable probative value because of their inaccuracy, Defendant is not seeking to admit the results of any polygraph examination, and Plaintiff will have an opportunity to obtain testimony from Scott and David Thorne as to why they refused to take the polygraph. On the motion as presented, the Court cannot conclude that evidence the brothers refused to take polygraph examinations is "clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Techs., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993. Accordingly, Plaintiff's request is denied.

## II. Conclusion

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** Defendant's Motion *in Limine* [DE 70] and **GRANTS in part and DENIES in part** and Plaintiff's Motion in Limine [DE 73], as described above.

So ORDERED this 23rd day of May, 2016.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record