# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DAVID THORNE, )<br>      Plaintiff, )<br>)<br>      v. )<br>)<br>MEMBER SELECT INSURANCE )<br>COMPANY, )<br>      Defendant. ) | CAUSE NO.: 2:09-CV-87-JEM |

## OPINION AND ORDER

This matter is before the Court on oral motions made by the party on June 6, 2016, and the related Brief Regarding Burden of Proof and Waiver [DE 107] filed by Defendant on June 7, 2016, and Plaintiff's Brief Related to Defendant's Waiver of Resident Defense, or in the Alternative, Defendant's Burden to Prove Denial of Coverage [DE 108], filed by Plaintiff on June 7, 2016, as ordered by the Court.

At a hearing regarding evidentiary disputes on June 6, 2016, the opening day of the jury trial in the above-captioned case, the parties raised disputes regarding the residency provision in the subject insurance contract, and the Court ordered additional briefing. Plaintiff argues that Defendant should be estopped from arguing at trial that the house that is the subject of this insurance contract dispute was not being used as a private residence by Plaintiff David Thorne. In the alternative, he argues that if Defendant is permitted to raise the argument with the jury, the jury should be instructed that Defendant bears the burden of proof. Defendant argues that Plaintiff has the burden of proving that he was not in violation of the residency provision.

On March 5, 2015, the Court granted Defendant's request to file a second motion for summary judgment over Plaintiff's objection. Defendant sought to present a motion for summary judgment on Plaintiff's claim for breach of contract on the grounds that the insurance policy only

covers premises used as a private residence by the insured, and the premises were not being used by David Thorne as a private residence. Plaintiff argued at the time that allowing the renewed motion would cause him prejudice and that Defendant should not be able to raise a new argument about lack of coverage at that stage in the litigation. The Court considered those objections but concluded that there was good cause to allow the filing of the Second Motion for Summary Judgment, stating: "[Plaintiff]'s arguments about the prejudice he may face if Defendant's arguments prevail are no different whether the determination is made now or at trial, and he has the opportunity to rebut them, including making estoppel arguments as appropriate." In fact, Defendant did not prevail on summary judgment, with the Court concluding, "A reasonable jury could conclude that the house was being used as a private residence by David and, therefore, was covered as a Residence Premises by the insurance policy." Accordingly, it has been clear at least since the second motion for summary judgment that the question of residence would be presented to the jury at trial.

This is a contract case for denial of a claim for insurance coverage. The Contract defines the "Named Insured," also referred to as **you** or **your(s)** throughout the contract, as "those persons named on the Declaration Certificate" - in this case, David Thorne. It defines "Resident Relative" as "a person who is a resident of **your** household related to **you** by blood . . . ," and defines "Insured Person" as "**you**; any **resident relative**; and any other person under the age of 18 residing in **your** household who is in **your** care or the care of a **resident relative**." Defendant does not dispute, and has not disputed, that Scott Thorne is a resident relative, and therefore is an "insured person" under the contract in this case.

In its first motion for summary judgment, Defendant's motion for summary judgment was granted as to Plaintiff's claim for bad faith. Defendant also argued that Plaintiff could not succeed on his claim for breach of contract on the basis of the coverage exclusion for "an action by or at the direction of an **insured person** committed with the intent to cause a loss." In the context of that motion and in other filings with the Court and representation to Plaintiff, Defendant referred to Scott Thorne and David Thorne as insured persons.

In the second motion for summary judgment, Defendant raised the policy's requirement that the covered house be used as residence premises. As the Court described in its prior Order on the second motion for summary judgment, the relevant policy language provides, "**We** will cover your Dwelling, including structures attached to it, at the **residence premises**. The Dwelling must be used principally as a private residence." It defines "residence premises" as "the premises, described on the Declaration Certificate, used as a private residence by **you** . . . ." The policy defines "we" as MemberSelect Insurance Company and "you" as "those persons named on the Declaration Certificate." The Court went on to address Defendant's argument that David Thorne, the only person named on the Declaration Certificate, was not using his house as his private residence because he had not slept there or spent much time there in the weeks preceding the fire, but concluded that summary judgment was not appropriate on that issue.

The parties' contentions in the final pretrial order they presented to the Court refer to whether or not the house was being used as a residence. The jury instructions Plaintiff proposed to the Court include an instruction on the factors to be considered in determining residence under Indiana law. Despite knowing that the issue had been the subject of a motion for summary judgment

3

entertained by the Court and knowing that Defendant intended to present evidence and argument at trial about whether the house was being used as a residence, Plaintiff now argues, for the first time since the Court accepted briefing on the second motion for summary judgment, that Defendant should be prohibited from arguing that the house was not being used as a residence within the meaning of the policy. As described above, Defendant's position that David Thorne and Scott Thorne are insured persons is not inconsistent with the argument that the house was not being used as a private residence within the meaning of the policy such that it should be estopped from taking both positions. Furthermore, the request that the Court reconsider a previous line of argument, despite more than adequate notice that Defendant intended to raise the argument, is especially untimely after trial has begun. Defendant may present its argument that the house is not covered by the insurance policy because it was not being used as a private residence.

Defendant argues that Plaintiff bears the burden of proving that he is entitled to insurance coverage. It argues that the residency provision in the insurance contract creates an exception, not an exclusion from coverage, and that the insured bears the burden of proving that a policy exception does not apply. It relies on the *Wood v. Allstate Insurance Company*, No. 3:11-CV-128-JVB, 2012 WL 6553000 (N.D. Ind. Dec. 14, 2012), in which summary judgment was granted to the insurer in a homeowner's insurance case that required residency at the premises for coverage. District Court Judge Van Bokkelen concluded that in the homeowner's policy at issue in that case, "non-residency at the Subject Premises is an exception, rather than an exclusion, from coverage." *Id*., 2012 WL 6553000, at *6. The insured was unable to meet his "burden of showing coverage exists and that any relevant policy exception does not apply." *Id.,* 2012 WL 6553000, at *4.

Plaintiff argues that Defendant should be estopped from arguing about the residency

4

provision and, if not so estopped, should bear the burden of proving lack of residency because of its original position that both David Thorne and Scott Thorne were insured. However, as described above, Defendant's position that both David Thorne and Scott Thorne are insured persons under the policy is not inconsistent with the argument that the house was not being used as a primary residence within the meaning of the policy. Plaintiff attempts to distinguish *Wood v. Allstate* on the ground that the insurer in that case had continuously asserted that the plaintiff did not reside on the premises, and that since Defendant has not consistently alleged non-residence, Defendant should now bear the burden of proof. To the extent that Plaintiff is arguing that Defendant failed to raise its argument for non-coverage as a required affirmative defense, it was not required to do so. *See PSI Energy, Inc. v. Home Ins. Co.*, 801 N.E.2d 705, 725 n.17 (Ind. Ct. App. 2004) ("[B]ecause the insured bore the burden of proving coverage as part of establishing a prima facie case against the insurer, when the insurer asserted that the policy did not cover the claim, the insurer 'was merely refuting an element of [the insured's] prima facie case and was not required to raise the issue as an affirmative defense.'") (quoting *Town and Country Mut. Ins. Co. v. Sharp*, 538 N.E.2d 6, 9 (Ind. Ct. App.1989)).

In Indiana, "[i]nsurers are free to limit coverage to meet their needs. However, all exceptions, limitations and exclusions must be plainly expressed, and if the exclusion or limitation is not clearly expressed, any doubts will be construed against the contract drafter." *Alderfer v. State Farm Mut. Auto. Ins. Co.*, 670 N.E.2d 111, 112 (Ind. Ct. App. 1996). "[I]f no ambiguity exists the policy will not be interpreted to provide greater coverage than the parties bargained for themselves," *Alexander v. Erie Ins. Exch.*, 982 F.2d 1153, 1157 (7th Cir. 1993), and courts in Indiana have generally not considered the term "resident" to be ambiguous. *See, e.g.*, *Quiring v. GEICO Gen. Ins. Co.*, 953

5

N.E.2d 119, 129 (Ind. Ct. App. 2011); *Jones v. W. Reserve Grp./Lightning Rod Mut. Ins. Co.*, 699 N.E.2d 711, 714 (Ind. Ct. App. 1998). "The insured is required to prove that its claims fall within the coverage provision of its policy, but the insurance provider bears the burden of proving specific exclusions or limitations to policy coverage." *Ind. Funeral Dir. Ins. Trust v. Trustmark Ins. Corp.*, 347 F.3d 652, 654 (7th Cir. 2003); *see also Alexander.*, 982 F.2d at 1157 ("The insured has the initial burden of proving coverage under an insurance policy.") (citing *South Bend Escan Corp. v. Fed. Ins. Co.*, 647 F. Supp. 962, 966 (N.D. Ind.1986)).

In this case, the Court need not addresses the parties' distinctions between "exceptions" and "exclusions" in the insurance contract at issue in this case. There is no ambiguity in the meaning of the term "resident" under Indiana law in the insurance context. The insurance policy provides coverage for residence premises, which are "the premises, described on the Declaration Certificate, used as a private residence" by the named insured. This language describes the coverage, not what is excluded from coverage. Plaintiff, as the insured, bears the burden of showing that he is covered by the policy. Accordingly, Plaintiff bears the burden of proving that the named insured, David Thorne, occupied the premises as his private residence. *See, e.g., Wood*, 2012 WL 6553000, at *6 (where insurance coverage defined the covered dwelling as the building structure where the insured resided, insured bore the burden of showing that they resided in the dwelling at the time of the loss).

For the foregoing reasons, the Court **GRANTS** the relief requested by Defendant in its oral motion and its Brief Regarding Burden of Proof and Waiver [DE 107] and **DENIES** the relief requested in Plaintiff's oral motion and Plaintiff's Brief Related to Defendant's Waiver of Resident Defense, or in the Alternative, Defendant's Burden to Prove Denial of Coverage [DE 108], as described above.

SO ORDERED this 8th day of June, 2016.

                                                               s/ John E. Martin
                                                               MAGISTRATE JUDGE JOHN E. MARTIN
                                                               UNITED STATES DISTRICT COURT

cc:     All counsel of record