# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DAVID THORNE, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>MEMBER SELECT INSURANCE )<br>COMPANY, )<br>    Defendant. ) | CAUSE NO. 2:09-CV-87-JEM |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Alter or Amend Judgment [DE 129], filed by Plaintiff on June 21, 2016. On July 5, 2016, Defendant filed a response, and on July 12, 2016, Plaintiff filed a reply. Plaintiff requests that the Court add prejudgment interest to the $87,000 in damages awarded by the jury.

On September 23, 2014, upon consent of the parties, this case was reassigned to the undersigned United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case under 28 U.S.C. § 636(c).

## PROCEDURAL BACKGROUND

Plaintiff filed his Complaint on February 23, 2009, alleging that Defendant breached an insurance contract. Defendant insured Plaintiff's house, but declined to pay Plaintiff when the house burned down. On June 6, 2016, this case proceeded to trial before a jury, which returned a verdict in Plaintiff's favor and awarded him $87,000 in damages. On June 21, 2016, Plaintiff filed this Motion to Alter or Amend the Judgment, arguing that the Court should amend the judgment to include prejudgment interest.

## STANDARD

A motion for prejudgment interest filed after entry of final judgment is considered under Federal Rule of Civil Procedure 59(e) as a motion to alter or amend judgment. *McNabola v. Chi. Transit Auth.*, 10 F.3d 501, 519-20 (7th Cir. 1993) (citation omitted). Rule 59(e) motions are "not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (quoting *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). The decision of whether to award prejudgment interest is committed to the district court's discretion. *Miller*, 683 F.3d at 813.

## ANALYSIS

Defendant contends that Plaintiff's motion is untimely because Plaintiff should have requested prejudgment interest before the Court entered judgment. Defendant argues that prejudgment interest "does not raise issues wholly collateral to the judgment in the main cause of action . . . nor does it require an inquiry wholly separate from the decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176-77 (1989).

Two cases from the United States Court of Appeals for the Seventh Circuit are relevant to this case. In *Miller v. Safeco Insurance Company of America*, the Seventh Circuit affirmed a district court's award of prejudgment interest on a Rule 59(e) motion. *Id.* at 815. That case involved a dispute between homeowners and their insurer over an insurance policy. *Id.* at 808. The district court bifurcated the issues for trial into one trial concerning coverage and another concerning bad faith claims. *Id.* at 809. After the bench trial addressing coverage, the district court found that the insurer should have paid the plaintiffs under the policy and was liable for about $485,000 in damages. *Id.*

While the district court was still considering the plaintiffs' bad faith claim but before

2

judgment had been entered in plaintiffs' favor, the plaintiffs asked for prejudgment interest on the full coverage damages award. *Id.* at 814. The district court, however, found that the defendant did not have notice of the plaintiffs' entire claim until the bench trial's conclusion. *Id.* The court found that the plaintiffs' original pretrial claim letter to the defendant disclosed a smaller amount of damages. *Id.* Therefore, the court granted the motion for prejudgment interest on the full amount of damages determined at trial and fixed the start of the accrual period to after the trial. *Id.*

After the court entered final judgment, the plaintiffs filed a Rule 59(e) motion and re-raised the prejudgment interest issue. *Id.* The plaintiffs now argued that they could recover prejudgment interest on the amount in their claim letter, accruing from 30 days after they sent defendant the letter. *Id.* The district court agreed and granted the motion, stating that the plaintiffs should not "be penalized for wrongly computing prejudgment interest before judgment was entered." *Id.* The Seventh Circuit affirmed the district court's Rule 59(e) order, holding:

> Given the deference we entrust district courts on Rule 59(e) motions, and that such motions are appropriately used to fix errors . . . we are not going to find the efforts to arrive at the right answer on the interest calculation an abuse of discretion merely because the [plaintiffs] took the court on a circuitous route to get there.

*Id.* at 815 (citations omitted).

The Seventh Circuit has also held that a district court did not abuse its discretion in denying a Rule 59(e) motion for prejudgment interest when the plaintiff did not previously raise the issue. *First State Bank v. Oh. Cas. Ins. Co.*, 555 F.3d 564, 572 (7th Cir. 2009). In *First State Bank*, the plaintiff prevailed on summary judgment and the district court awarded judgment in its favor. *Id.* at 567. After the court entered judgment, the plaintiff requested that the judgment be amended to include prejudgment interest. *Id.* at 567. Because the plaintiff had not raised the prejudgment interest

issue earlier, the district court denied the plaintiff's request. *Id.* at 567. On appeal, the Seventh Circuit affirmed, holding that "the district court was entitled to conclude that raising the issue of prejudgment interest for the first time in a Rule 59(e) motion, after summary judgment was entered, was too late." *Id.* at 572.

The instant case is more like *First State Bank* than *Miller*. Plaintiff mentioned prejudgment interest only in his Complaint and in the instant Motion, and never before the Rule 59(e) motion did Plaintiff ask the Court to consider the issue. Consequently, raising prejudgment interest at this late stage is not meant to correct "an error that crept into the proceeding" as in *Miller*. *Miller*, 683 F.3d at 814 (internal quotation marks and citations omitted).

Instead, it appears that Plaintiff simply did not elect to pursue the prejudgment interest issue until this late stage. In fact, during discovery, Defendant sent Plaintiff an interrogatory asking him to specify his damages. In response, Plaintiff conspicuously did not list prejudgment interest. To allow Plaintiff to now argue that he is entitled to prejudgment interest when he abandoned that method of recovery during discovery would be unfair. "[I]nterest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness." *Osterneck*, 489 U.S. at 176 (quoting *Blau v. Lehaman*, 368 U.S. 403, 414 (1962)). Plaintiff offers no explanation for why he did not request prejudgment interest at any time before the Court entered judgment.

Plaintiff argues that "[p]rejudgment interest is an element of Plaintiff's complete compensation and is considered part of the compensation due a plaintiff." Pl. Reply at 3 [DE 135]. However, this argument hurts, rather than helps, Plaintiff's position, since Rule 59(e) "may not be used by a party to complete presenting his case to the district court." *First State Bank*, 555 F.3d at

4

572 (internal quotation marks omitted). While prejudgment interest "*may* be a proper subject for a Rule 59(e) motion . . . [Plaintiff] should have requested the prejudgment interest *prior to* judgment." *Id.* (emphasis in original; internal quotation marks omitted).

Because Plaintiff cannot now request prejudgment interest, the Court declines to address the substantive merits of Plaintiff's motion.

## CONCLUSION

Consistent with the foregoing discussion, the Court **DENIES** Plaintiff's Motion to Alter or Amend Judgment [DE 129]. The Court **AFFIRMS** the Amended Judgment [DE 128] as previously entered on the docket.

SO ORDERED this 22nd day of March, 2017.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record